IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHELLE-MARRYANN DICKERSON, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>JOE BIDEN, et al.,<br><br>  Defendants. | CIVIL ACTION FILE<br><br>No. 1:24-CV-04457-SCJ |

## ORDER

This matter appears before the Court on a frivolity review of Plaintiffs' Amended Complaint. Doc. No. [32]. The Court **DISMISSES WITH PREJUDICE** the Amended Complaint because Plaintiffs, again, filed a shotgun pleading. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015); see also Doc. No. [30], 7 (warning Plaintiffs "this Court may deny their claims with prejudice if the amended complaint" is another shotgun pleading (citing Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)). All remaining matters are **DENIED AS MOOT** (Docs. Nos. [12]; [13]; [16]; [17]; [20]; [21]; [22]; [23]; [24];

[25]; [26]; [27]; [28]; [29]; [34]; [35]; [37]; [41]; [42]; [43]) and the Clerk of Court is **DIRECTED TO CLOSE** this action.

I. BACKGROUND

Plaintiffs sued 505 defendants to "expos[e] and dismantl[e] the largest child trafficking network in American history, disguised as a legitimate legal system, where systematic corruption, abuse, and exploitation have been perpetrated by those in positions of power." Doc. No. [32], 7, 131. Plaintiffs seek "declaratory judgments" under RICO, 18 U.S.C. § 1964, the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, and several state laws. Id. at 8.

II. LEGAL STANDARD

A court must dismiss an *in forma pauperis complaint* triggering one of three conditions. 28 U.S.C. § 1915(e)(2)(B). First, it "is frivolous or malicious." Id. § 1915(e)(2)(B)(i). In other words, when a complaint "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989). Second, it "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(ii). This occurs when a complaint fails to show a claim is "plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

2

(2007). Third, it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(iii).

And a court must "liberally construe[ ]" a pleading when, as here, a plaintiff sues *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 49 U.S. 97, 106 (1976)). *Pro se* plaintiffs, however, "still must comply with the Federal Rules of Civil Procedure." Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019).

Similarly, the court must instruct a party—whether a plaintiff or defendant—to replead when it files any one of four "shotgun pleadings." Est. of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1358 (11th Cir. 2020); Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357 (11th Cir. 2018). The first, and most common, is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland, 792 F.3d at 1321. The second, "a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third, a complaint "not separating into a different count each cause of action or claim for relief." Id. at 1323. And the fourth, a complaint with

"multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

### III.   ANALYSIS

The Court **DISMISSES WITH PREJUDICE** Plaintiffs' Amended Complaint (Doc. No. [32]) for two reasons. For one, this Court warned Plaintiffs another shotgun pleading may lead to dismissing with prejudice. See Doc. No. [30], 7 (warning Plaintiffs, and instructing Plaintiffs how to plead (citing Bryant, 252 F.3d at 1163)).

For another, the Amended Complaint is a shotgun pleading because it fails "give [Defendants] adequate notice of the claims against them and the grounds upon which each claim rests" in two ways. Weiland, 792 F.3d at 1323. First, it fails to "specify[ ] which of the defendants are responsible for which acts or omissions" because each count only mentions defendants in the abstract. Id.; see also Doc. No. [32], 19 ("Defendant attorneys"); id. at 20 ("Defendants [Cash

4

Guardian Ad Litem]"); id. at 22 ("Defendant judges"); id. at 23 ("Defendant agencies and executive officials"); id. at 24 ("Participants in the Family Annihilation Enterprise"); id. at 25 ("Law enforcement officers"); id. at 27 ("Defendant(s) of the social services agencies"); id. at 28 ("Defendant mental health and medical professionals"). To be sure, the Amended Complaint ties the 505 Defendants to one or more of its claims. See, e.g., id. at 30 (linking the United States Supreme Court to "COUNT FOUR"). But it fails to link any Defendant to specific "acts or omissions" giving rise to each claim. Weiland, 792 F.3d at 1323.

Second, the Amended Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. For example, after introducing counts and defendants, the Amended Complaint then explains unrelated "Atrocities and High Crimes," "Legal References and Authorities," and "Case Law." Doc. No. [32], 78–86.

## IV.   CONCLUSION

For these reasons, Plaintiffs' Amended Complaint (Doc. No. [32]) is **DISMISSED WITH PREJUDICE**, all other matters are **DENIED AS MOOT** (Docs. Nos. [12]; [13]; [16]; [17]; [20]; [21]; [22]; [23]; [24]; [25]; [26]; [27]; [28]; [29];

[34]; [35]; [37]; [41]; [42]; [43]), and the Clerk of Court is **DIRECTED TO CLOSE** this action.

    IT IS SO ORDERED this __13th__ day of March, 2025.

                                         /s/ Steve C. Jones
                                         **HONORABLE STEVE C. JONES**
                                         **UNITED STATES DISTRICT JUDGE**